WALLACE, JUDGE:
This claim arose as the result of an accident in the Kanawha State Forest in a picnic area known as Rattle Snake Run maintained by the respondent. On July 17, 1976, the claimants and their children arrived at the Rattle Snake Run picnic area at approximately 2:30 p.m. for a family picnic. They selected a spot where two picnic tables had been placed together. The *133 tables were eight to ten feet from a fireplace. The claimant, Roger Dale Thompson, was building a fire in the fireplace. His wife, Edith Ann Thompson, was nursing her nine-week-old baby at the picnic table. Without warning, a large limb from a dead tree near the table fell on Mrs. Thompson. She was injured and the table was damaged. The baby was unhurt. Mrs. Thompson received a fracture of the right arm, a macerated abrasion over her right ankle, a bump on the forehead, and an abrasion on her right hip.
The Forest Superintendent, Osbra Eye, testified that he had knowledge of the tree and that it had died the previous summer. It had not been removed because he did not think it was a hazard. He stated that maintenance crews were frequently in the area and did not report to him any apparent danger from the tree. However, he further testified that decayed limbs from dead trees often fall without warning, and after viewing photographs taken of the tree the day after the accident, he stated that the tree appeared to be dangerous. The photographs indicated that the top of the tree was in a state of advanced decay and that many limbs had apparently fallen prior to the accident. The testimony revealed that users of the picnic area often moved tables from one place to another and that it was not the custom for maintenance crews to change their location. In the instant case, no effort had been made by the respondent to remove the tree or relocate the tables, although it was known the tree was dead and in a decaying condition.
From the evidence, it is the opinion of the Court that the respondent was negligent in failing to remove the dead tree, and its negligence was the proximate cause of the injuries to the claimant, Edith Ann Thompson. Although there were no permanent injuries, she required hospitalization and treatment. The admitted costs incurred as a result of the accident were $1,230.50 for doctors, $2,214.70 for hospital costs, $34.06 for medication, $112.00 for radiology fees, and $36.05 for ambulance service. The Court finds that the claimants are entitled to recover, and hereby makes an award in the amount of $9,627.36.
Award of $9,627.36.